This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40604**

**HUGH MARTIN, SANDRA KNOX,
KIRKLAND JONES, PAT MALOY,
THERON MALOY and SHERILYN
MALOY,**

     Plaintiffs-Appellants,

v.

**SANDOVAL COUNTY and PUEBLO
OF COCHITI,**

     Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY
Christopher Perez, District Judge**

Western Agriculture, Resource and Business Advocates, LLP
A. Blair Dunn
Jared R. Vander Dussen
Albuquerque, NM

for Appellants

VanAmberg, Rogers, Yepa, Abeita & Gomez, LLC
Carl B. Rogers
Santa Fe, NM

for Appellee Pueblo of Cochiti

Michael J. Dickman
Santa Fe, NM

for Appellee Sandoval County

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Plaintiffs appeal from the district court's orders denying Plaintiffs' motion to reconsider its order requiring the joinder of Cochiti Pueblo and granting Defendants' motion to dismiss. Unpersuaded by Plaintiffs' docketing statement, we issued a notice proposing to summarily affirm. Plaintiffs have responded to our notice with a memorandum in opposition, which we have duly considered. We remain unpersuaded and affirm.

**{2}** Plaintiffs' response to our notice contends that Sandoval County (the County) took Plaintiffs' private property by reerecting physical barriers on the road upon which Plaintiffs' easement was situated. Plaintiffs acknowledge that the road is within the boundaries of the Pueblo of Cochiti (the Pueblo) and that the Pueblo arrested County employees for working on the road and promised to rearrest the road maintenance workers if they did not cease work, reerect barriers, and leave the Pueblo. [MIO 3-4] The Pueblo canceled Plaintiffs' easement, declared that neither the County nor the public could enter the Pueblo lands via the easement, placed a locked gate in front of the concrete barriers, placed barbed wire on either side of the gate, and posted a sign stating, "No trespassing, Pueblo de Cochiti Tribal Lands." [1 RP 81-82] It is clear that the Pueblo, not the County, took actions to permanently possess the road and exercised control and dominion over the easement to the exclusion of Plaintiffs, the County, and the public. *Cf. Cnty. of Doña Ana ex rel. Bd. of Cnty. Comm'rs v. Bennett*, 1994-NMSC-005, ¶ 17, 116 N.M. 778, 867 P.2d 1160 (stating that "the date of the taking is the date on which the condemnor becomes vested with the legal right to possession, dominion and control over the real estate being condemned" (alteration, internal quotation marks, and citation omitted)); *Electro-Jet Tool Mfg. Co. v. City of Albuquerque*, 1992-NMSC-060, ¶ 9, 114 N.M. 676, 845 P.2d 770 (stating, for a governmental act to give rise to a claim for inverse condemnation, "[t]he damage [alleged] must be the result of the public entity's deliberate taking or damaging of the property in order to accomplish the public purpose").

**{3}** Plaintiffs' claims necessarily involve the interests and actions of the Pueblo and should not proceed against the County without inclusion of the Pueblo as an indispensable party. *See Gallegos v. Pueblo of Tesuque*, 2002-NMSC-012, ¶ 39, 132 N.M. 207, 46 P.3d 668 (stating that Rule 1-019 NMRA provides a three-part test for determining whether a party is indispensable: (1) whether the party is "necessary to the litigation," and if so, then (2) whether "joinder is possible," and if not, then (3) whether "in equity and good conscience, that party is indispensable to the litigation" (internal quotation marks and citation omitted)); *Gallegos*, 2002-NMSC-012, ¶ 42 (explaining that an absent party should be joined when, under the specific facts and circumstances of the case, there is a reasonable possibility that the interests of the absent party will be affected, such that its rights and obligations might be adjudicated).

**{4}** Plaintiffs also contend that our notice overlooks the law reflected in *Mayer v. Smith*, 2015-NMCA-060, ¶¶ 33-34, 350 P.3d 1191, that division or inverse condemnation of the dominant estate does not affect the interests of servient estate.

[MIO 4] We are not persuaded that *Mayer* is relevant to the current case, because in *Mayer*, we assessed simple property interests of private parties to an easement's dominant and servient estates. In the current case, it is a sovereign Pueblo with the alleged servient estate and the action taken against the dominant estate interest is an alleged taking. Additionally, Plaintiffs' mere characterization of the Pueblo's interest in the road as a servient estate appurtenant to the easement directly conflicts with the Pueblo's view of its property interests, as evidenced by its actions canceling the easement and exercising control over the road. Plaintiffs' reliance on general easement principles to assert in state court that the Pueblo has a servient estate certainly impacts the Pueblo's interests. Thus, we are not persuaded that Plaintiffs' reliance on *Mayer* demonstrates error in the district court's ruling that the Pueblo is an indispensable party.

{5}     Lastly, Plaintiffs' memorandum in opposition contends that equity and good conscience should prevent the joinder of the Pueblo, because the Pueblo's interests are not impacted by the County's taking of Plaintiffs' property interests and because Plaintiffs are left without a remedy. [MIO 4-5] As our analysis indicates, the Pueblo's interests are clearly impacted by Plaintiffs' claims and the facts do not suggest inverse condemnation by the County. Additionally, under very similar circumstances, our Supreme Court has held that a landowner that was denied access to its land by a pueblo could not sue the pueblo in state court, except where the pueblo waives immunity or there is authorization of the suit by Congress. *See Hamaatsa, Inc. v. Pueblo of San Felipe*, 2017-NMSC-007, ¶ 16, 388 P.3d 977. Our Supreme Court rejected this Court's reliance on equity and fairness in *Hamaatsa* and refused "to recognize an exception to the doctrine of sovereign immunity in matters pertaining to the public's use and access to public roads located on fee-owned tribal lands without tribal interference." *Id.* ¶ 24. Because the equity and good conscience for which Plaintiffs advocate in this case did not prevail in *Hamaatsa*, we are not persuaded that such concerns establish error here.

{6}     For the reasons set forth above and in our notice, we hold that Plaintiffs have not demonstrated an abuse of discretion in the district court's ruling that the Pueblo is an indispensable party. Accordingly, we affirm the dismissal of Plaintiffs' claims.

{7}     **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**